Mildred E. Wise, Supervisor Informal Opinion Town of Plainfield No. 2000-5 Plainfield Town Hall 129 County Highway 18A West Winfield, N Y 13491
Dear Supervisor Wise:
You have asked whether the town may enact a local law providing that the town superintendent of highways and deputy superintendent of highways need not be residents of the town. You have informed us that you are having difficulty filling these positions with qualified residents. Because you do not have a town attorney, the resolution of the town board requesting an opinion of the Attorney General is sufficient to satisfy our requirements for issuing an informal opinion. We conclude that your town may enact such a local law.
Section 3 of the Public Officers Law sets forth the qualifications for holding a public office. To qualify, a person must, at the time chosen, be at least 18 years of age, a citizen of the United States, a resident of the State and, in the case of a local office, a resident of the political subdivision for which he or she is appointed or within which the electors choosing him reside. Public Officers Law §3(1). Additionally, the Town Law provides that every officer of a town, at the time of his election or appointment and throughout his term of office, must be an elector of the town. Town Law § 23
(1). An "elector" is a person who is eligible to register to vote in a town and must therefore be a resident of the town. Op Atty Gen (Inf) No. 85-59.
Local governments, including towns, are authorized to adopt and amend local laws, consistent with the Constitution and general state laws, in relation to their property, affairs or government and in relation to the powers, duties, qualifications, number and other terms and conditions of employment of their officers and employees. Municipal Home Rule Law § 10(1)(i) and (ii)(a)(1). Thus, in determining whether the grant of local law power authorizes your town to establish broader residency requirements for certain offices, two basic questions must be answered. Does the grant of power include authority to enact residency requirements for public offices? If it does, would a local law authorizing residency outside the municipality be inconsistent with a "general [state] law"?
As to the first question: the authority given to towns by the Municipal Home Rule Law encompasses the authority to enact a local law establishing residency requirements for town officers. Mandelkern v. City of Buffalo,64 A.D.2d 29 (4th Dep't 1978). The terms and conditions of employment of local officers relate to the "property, affairs or government" of a local government and thus fall within home rule provisions. City of New Yorkv. Patrolmen's Benevolent Association of the City of New York, Inc.,89 N.Y.2d 380 (1996). Accordingly, there is authority for the proposed local law.
Moreover, the proposed local law is not inconsistent with any general law. A general law is a state statute which in terms and in effect applies alike to, in this case, all towns. Municipal Home Rule Law §2(5). Section 3 of the Public Officers Law and section 23
of the Town Law include many exceptions to the requirement that local public officers reside in the municipality. Most significantly, section3(16) of the Public Officers Law provides that the superintendent of highways of the Town of New Castle, Westchester County, may reside in the county in which the town is located or in an adjoining county within the State. The same provision authorizes the Town of NewCastle to provide by resolution that the superintendent of highways may reside anywhere in the state. Section 23 of the Town Law has also been amended to provide that the superintendent of highways of the Town of New Castle need not be an elector of the town. Similarly, in the Town of Pound Ridge, Westchester County, deputy superintendents of highways need not be electors of the town provided that they live in the county in which the town is located or in an adjoining county within New York State. Town Law § 23(2).
Thus, sections 23 and 3 have become special rather than general laws, insofar as they address the residency requirement for the positions of superintendent of highways and deputy superintendent of highways in towns. As to these offices, the state laws do not in terms and in effect apply alike to all towns.
Thus, your town may, consistently with state law, enact a local law establishing a residency requirement for the superintendent of highways and the deputy superintendent of highways which is as broad as the statutory amendments applicable to the towns of New Castle and Pound Ridge. (See similar conclusions in Op Atty Gen [Inf] Nos. 87-52, 88-27, 89-14.) In other words, you may enact a local law providing that your superintendent of highways may reside anywhere in the State and that the deputy superintendent of highways may reside in the county in which the town is located or in an adjoining county within the State of New York.Id. We note that in enacting your local law you should comply with section 22 of the Municipal Home Rule Law by indicating that you are amending section 23 of the Town Law and section3 of the Public Officers Law. Kamhi v. Town of Yorktown,74 N.Y.2d 423 (1989).
We conclude that a town may enact a local law providing a broader residency requirement for the positions of superintendent of highways and deputy superintendent of highways.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions